UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAWN V.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-1684 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred (1) by failing to reopen his previous claims, (2) by rejecting his symptom testimony, (3) by rejecting medical opinion evidence at step three, and (4) at step five. *See* Dkt. 19. Plaintiff further contends new evidence submitted to the Appeals Council after the ALJ issued his decision indicates the ALJ's decision is not supported by substantial evidence. *Id*. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 28 years old, has at least a high school education, and has no past relevant work. Admin. Record (AR) 36. In March 2018, Plaintiff applied for SSI. AR 82–83, 95–96.

Plaintiff's application was denied initially on August 14, 2018, and again on reconsideration on October 4, 2018. AR 92–93, 107. Plaintiff did not appeal. In May 2019, Plaintiff protectively filed for benefits, alleging disability as of January 1, 2016. AR 113–14, 126. Plaintiff's application was denied initially and on reconsideration. AR 123, 151. On June 8, 2021, the ALJ conducted a hearing.[1] AR 45–80. In July 2021, the ALJ issued a decision, stating he found "no good cause" to reopen Plaintiff's prior claim and ultimately finding Plaintiff not disabled from Plaintiff's filing date of May 2, 2019, through the date of the decision. AR 18–44.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The Court first notes that although Plaintiff assigns several errors to the ALJ's decision throughout his opening brief, he does so cursorily without specifically stating which part of the ALJ's decision he disagrees with and without identifying the information the ALJ should have considered. *See* Dkt. 19 at 1, 4, 7–8. Plaintiff also recites various medical opinion evidence but

---

[1] Plaintiff contends the ALJ erred in finding he did not timely submit evidence prior to the hearing. Dkt. 19 at 1–2. A claimant requesting a hearing must submit any written evidence "no later than 5 business days before the date of the scheduled hearing." 20 C.F.R § 416.1435(a). The written evidence was dated June 1, 2021, more than five days prior to the hearing. AR 426–28. In his decision, the ALJ stated Plaintiff submitted additional evidence less than five days before the hearing. AR 21. However, the ALJ nonetheless accepted the evidence and included them in the record. *Id.* "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). Because the evidence was ultimately included in the record, Plaintiff has failed to show harmful error.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

makes no substantive argument about the ALJ's evaluation of those opinions. *See* Dkt. 12 at 7–8. The Court will not consider matters that are not "'specifically and distinctly'" argued in a plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work by framing the argument and putting flesh on its bones through a discussion of the applicable law and facts. *See Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Thus, the Court will only consider the arguments the Court has found Plaintiff "specifically and distinctly" raised. *See Carmickle*, 533 F.3d at 1161 n. 2.

**1.  Plaintiff's Prior Claim**

Plaintiff contends the ALJ erred by failing to reopen his prior claim from 2018. Dkt. 19 at 3–4.

Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As such, they may only review cases as authorized by either the Constitution or a federal statute. *Id.* A plaintiff seeking a judicial review of the denial of their benefits under the Social Security Act (the Act) must obtain a "final decision" by the Commissioner. *See* 42 U.S.C. § 405(g); *Subia v. Comm. of Soc. Sec.*, 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). "A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review." *Udd v. Massanari*, 245 F.3d 1096, 1098–99 (9th Cir. 2001).

However, the Court can review a decision to not reopen a prior application if the "denial of a petition to reopen is challenged on constitutional grounds." *Califano v. Sanders*, 430 U.S.

99, 109 (1977).  A constitutional claim is "not 'colorable', if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous.'"  *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992) (citations omitted).  The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim.  *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and citation omitted).  "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process."  *Id*. (internal quotation marks and citation omitted).  A plaintiff sufficiently alleges a colorable constitutional claim when he alleges a denial was based on a mental impairment and was unrepresented at the time of the denial of benefits.  *Udd*, 245 F.3d 1096, 1099 (9th Cir. 2001), as amended on denial of reh'g (May 3, 2001) (citing *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)).

        Plaintiff argues the ALJ erred by failing to consider his mental impairment when he declined to reopen his prior claim.  Dkt. 19 at 3–4.  In determining whether mental impairment serves as a good cause to extend time for review, the agency considers the following factors with regard to the claimant: (1) inability to read or write, (2) lack of facility with the English language, (3) limited education, and (4) any mental or physical condition which limits the claimant's ability to do things for themselves.  Social Security Ruling 91-5p; *Udd*, 245 F.3d at 1099.

        The record does not show Plaintiff was unable to read or write, or understand the English language.  Plaintiff cites to an evaluation report for special education eligibility determination, but the report shows he no longer needed special education.  *See* AR 1303.  Plaintiff also highlights a sentence from the evaluation which states his "ability to learn (IQ) [is] in the borderline range," but Plaintiff ignores that his evaluator ultimately assessed he was "functioning

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

at or above the levels that are predicted for him" and that gaps in his knowledge were attributed to poor attendance. *See* AR 1305. Plaintiff also points to medical evidence that highlight his difficulties with maintaining attendance, inability to manage tasks, and depression. Dkt. 19 at 7–8. However, the records do not necessarily show Plaintiff could not understand the appeal process. *See Klemm*, 543 F.3d at 1145 (finding plaintiff failed to present a colorable due process claim because "[n]othing in the record evinces a mental impairment that could have prevented [plaintiff] from understanding the process for appeal."). Further, as Defendant points out, Plaintiff was able to appeal the initial denial of his application, indicating he understood or was at least aware of his right to appeal. *See* Dkt. 24 at 4 (citing AR 112). "No constitutional violation will have occurred if substantial evidence supports the ALJ's decision." *See Evans*, 110 F.3d at 1483. The ALJ's finding that none of the factors of SSR 91-5p apply is supported by substantial evidence, therefore in declining to reopen Plaintiff's prior claims, the ALJ did not err.

### 2.     Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred in rejecting his symptom testimony. Dkt. 19 at 5–8, 10–11, 14–15.

Plaintiff testified he is unable to work because of his anxiety. *See* AR 65. He explained he cannot finish simple tasks, forgets what he is supposed to do, and often needs reminders. AR 65, 67. He stated he easily becomes frustrated when he cannot finish things. AR 69–70, 74. He also testified that he has depression, and he loses motivation. AR 71.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ found Plaintiff's mental symptoms not "as significantly limiting as alleged" due to his treatment records. AR 30–31. The ALJ first pointed to Plaintiff's reports of improvement, which is a valid reason to reject a claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability). The records the ALJ cited show that on Plaintiff's initial counseling session, he reported experiencing "depression with low motivation." AR 768. In later sessions, Plaintiff was found to have made "[g]ood progress" with "[r]educed worry and anxiety through positive coping skills." *See* AR 623. Plaintiff also reported he did not have "much time to worry or be anxious" because he kept busy. *Id*. Other records cited by the ALJ show Plaintiff again reported no increase in his anxiety or post-traumatic stress disorder (PTSD)-related symptoms. AR 512. In rejecting Plaintiff's testimony, the ALJ also pointed to Plaintiff's conservative treatment. AR 31. That a claimant does not seek a more "aggressive treatment program or seek an alternative or more-tailored program" is also valid reason to reject a claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The evidence cited by the ALJ show Plaintiff regularly attended counseling but was not taking medication for his symptoms during the relevant period. *See* AR 379, 1290, 1523, 1610. That Plaintiff himself reported decreases in his anxiety and mental health symptoms, and that he has pursued no other avenues of treatment outside of his counseling supports the ALJ's reasoning. Thus, in rejecting Plaintiff's testimony based on his

treatment, the ALJ did not err.

The ALJ also rejected Plaintiff's testimony because of its inconsistency with objective medical evidence. AR 31. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed to Plaintiff's mental status examinations. AR 31. The ALJ noted that although there were occasions where Plaintiff appeared tearful, anxious, or irritable (*see* AR 1527–28, 1530, 1594, 1597, 1600), Plaintiff was also consistently fully oriented, in no acute distress, alert with "neutral/euthymic" or appropriate mood and affect, unremarkable thought process and content, appropriate insight and judgment, and grossly intact memory. *See* AR 877–78, 927, 937–38, 1284, 1527–28, 1530, 1580, 1583, 1589, 1592, 1595, 1598, 1601, 1607, 1610. Plaintiff was also found cooperative and engaged. *See* AR 1106, 1153, 1545, 1550. Given Plaintiff's generally normal mental status examinations, the ALJ could reasonably find Plaintiff's testimony about the severity of his condition undercut by the cited evidence. Therefore, in rejecting Plaintiff's testimony for its inconsistency with objective medical evidence, the ALJ did not err.

The ALJ next rejected Plaintiff's testimony because the record indicates Plaintiff stopped working for reasons other than his alleged disability. AR 32. This undermines a claimant's testimony that he is unable to work. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (finding the ALJ did not err in discounting plaintiff's subjective testimony because he stated he left his job because he was laid off). Plaintiff's record does not show he was unable to continue with his work and volunteer activities due to his symptoms, but because he relocated to another state and because the work itself was temporary. *See* AR 58–59, 1290.

Finally, the ALJ cited Plaintiff's ability to look after his roommates. *See* AR 32. An ALJ

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Plaintiff testified during the hearing that he cooks and cleans for his roommate who has spinal issues. AR 55. Plaintiff also testified that because his roommate also has mental health difficulties, he has to calm him down once or a few times a day. AR 55–57. Plaintiff's ability to regularly perform chores and assist with his roommate's mental health struggles undermines Plaintiff's testimony about the severity of his own symptoms.

      Plaintiff disputes the ALJ's findings and points to various records showing his inability to manage tasks and his schedule. Dkt. 19 at 7–8. But the ALJ does not disagree with the symptoms discussed in the evidence Plaintiff points to. Rather, the ALJ has found those symptoms may not be as severe or as limiting, given Plaintiff's reports of improvement, activities, the objective medical evidence, and the other factors just discussed. *See* AR 30–32. The ALJ's reasons are all valid, and at least one is supported by substantial evidence, therefore in rejecting Plaintiff's testimony, the ALJ did not err.

      Plaintiff also points out that although the ALJ limited his decision from the date of Plaintiff's protective filing in 2019, the ALJ erred by referring to Plaintiff's records from 2003 to reject Plaintiff's testimony.[2] Dkt. 19 at 11; AR 32. "[E]vidence that predates the claimant's

---

[2] Plaintiff also points out the ALJ engaged in "record manipulation," because after using evidence that pre-dated his filing date to reject his testimony, the ALJ then rejected the medical opinion of Cheryl Gail, ARNP *because* it pre-dated his filing date. Dkt. 19 at 12; AR 22. To the extent Plaintiff is arguing this was error, the Court points out the ALJ also noted that Ms. Gail's opinion about Plaintiff's impairments would only be applicable for six months. AR 33, 1505. This six-month estimate is less than the 12-month statutory period a claimant must satisfy in order to be considered disabled. 42 U.S.C. § 423(d)(1)(A) (impairment only counts as "disability" if it "has lasted or can be expected to last for a continuous period of not less than 12 months"). Thus, even if the ALJ erred by rejecting Ms. Gail's opinion because it pre-dated his filing date, the error would be deemed harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

application date but postdates the alleged onset date is pertinent to the alleged period of disability." *Pacheco v. Berryhill*, 733 F. App'x 356, 360 (9th Cir. 2018).  The 2003 records the ALJ cited predate both, but the ALJ provided other valid reasons, supported by substantial evidence, to reject his testimony, therefore Plaintiff has failed to show this was harmful error. *See Carmickle*, 533 F.3d at 1162.

### 3. Medical Opinion Evidence

Plaintiff contends the ALJ erred in evaluating Dr. Szczebak's medical opinions.  Dkt. 19 at 5–6, 12–13.

Dr. Szczebak provided two opinions.  AR 1618–26, 1628–47.  In her first opinion, Dr. Szczebak stated "the convergence of [Plaintiff's] numerous deficits results in an overall level of impairment that precludes the possibility of competitive employment."  AR 1625.  In her second opinion, Dr. Szczebak found Plaintiff has marked limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  AR 1645.

Plaintiff argues the ALJ should have considered Dr. Szczebak's treating relationship with Plaintiff as it remains "a prominent factor" under the new regulations, and "there is still a far stronger probity in the treating and evaluating sources" than the records of reviewing physicians. *See* Dkt. 19 at 5.  Under the new regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency."  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  The length of a medical source's treatment relationship with a claimant remains a factor the ALJ may consider, but it is not as probative as Plaintiff argues.  "The revised regulations recognize that a medical source's relationship with the claimant is still relevant . . .

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

However, the ALJ no longer needs to make specific findings regarding these relationship factors[.]" *Woods*, 32 F.4th at 793.  Discussion of such factors "may be appropriate when 'two or more medical opinions ... about the same issue are ... equally well-supported ... and consistent with the record ... but are not exactly the same.'" *Id*. (quoting 20 C.F.R. § 404.1520c(b)(3)).  Thus, that the ALJ did not consider Dr. Szczebak's treating relationship with Plaintiff by itself is not dispositive.  Whether the ALJ provided valid reasons that are supported by substantial evidence to reject Dr. Szczebak's opinions, the Court will now address.

       The ALJ rejected Dr. Szczebak's first opinion because the "ultimate issue of whether someone is disabled or not is reserved to the Commissioner."  AR 35.  The regulations state that a medical source's statement that a claimant is "'disabled' or 'unable to work'" is not a medical opinion but rather an issue reserved to the Commissioner, thus no special significance is given to such statements.  *See* 20 C.F.R. § 404.1527(d).  However, Dr. Szczebak's opinion expressed that Plaintiff's impairments would "*possibly*" preclude employment.  AR 1625 (emphasis added).  The statement was not conclusory as "disabled" or "unable to work," therefore in rejecting Dr. Szczebak's first opinion, the ALJ erred.  *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (finding the ALJ erred in rejecting a medical source's statement that a claimant Dr. would be "unlikely" to work full time because it is "not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1)").

       The ALJ rejected Dr. Szczebak's second opinion because of its inconsistency with "the record as a whole, especially the claimant self-reported activities of daily living and social functioning."  AR 35–36.  How a medical opinion is consistent with other evidence from medical and nonmedical sources is a factor the ALJ must consider.  20 C.F.R. § 416.920c(c)(2).  In finding inconsistency between Dr. Szczeback's opinion and "the record as a whole," the ALJ

erred by failing to provide a sufficient explanation as to what parts of Plaintiff's record negates Dr. Szczeback's opinion. *See Woods*, 32 F.4th at 792 ("an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). As to the ALJ's inconsistency finding between Dr. Szczeback's opinion and Plaintiff's activities, the ALJ partially erred. The records the ALJ cited show Plaintiff can handle his finances, perform household chores, take public transportation, read, play video games, study foreign languages, and spend time with others. *See* AR 785, 881, 1175, 1178, 1181, 1284, 1290, 1292, 1550, 1619, 1623. Plaintiff's ability to perform most, if not all, of these activities undermine Dr. Szczebak's opinion that Plaintiff is markedly limited in understanding, interacting with others, and managing oneself. However, the same records also show Plaintiff has difficulties managing and completing his tasks, which is not inconsistent with Dr. Szczebak's opinion that Plaintiff is markedly limited in concentrating, persisting, or maintaining pace. *See* AR 785, 1175, 1178, 1181.

The ALJ also rejected Dr. Szczebak's opinion because it was based "only on [Plaintiff's] self-reported symptoms and a one-time examination." AR 36. How a medical source supports his or her medical opinion with relevant objective medical evidence and explanation is a factor the ALJ must consider. 20 C.F.R § 416.920c(c)(1). However, Dr. Szczebak is one of Plaintiff's treating sources. *See* AR 1579–1602. It would therefore be reasonable to assume Dr. Szczebak based her proposed limitations on her own findings from the several appointments she has had with him. Thus, in rejecting Dr. Szczebak's opinion for its lack of supportability, the ALJ erred.

**4. Step Three**

Plaintiff contends the ALJ erred in finding he does not meet Listing 12.10 (Autism spectrum disorder) at step three. Dkt. 19 at 8–10.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 11

At step three, the claimant bears the burden of proof regarding whether or not he "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). A claimant must demonstrate that she medically equals each of the individual criteria for the particular Listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact, but must demonstrate that the impairment equals each criterion in the Listing. *Id.* To meet Listing 12.10 (Autism spectrum disorder), a claimant must show that he has satisfied both the criteria under paragraphs "A" and "B." 20 C.F.R. pt. 404, subpt. P, app. 1 (12.00(A)(2)). A claimant satisfies paragraph A by showing medical documentation of both (1) qualitative deficits in verbal communication, nonverbal communication, and social interaction; and (2) significantly restricted, repetitive patterns of behavior, interests, or activities. 20 C.F.R. pt. 404, subpt. P, app. 1 (12.10).

Plaintiff argues "[t]he Neighborhood records confirm" he meets paragraph A. Dkt. 19 at 5. It is not clear to the Court, and Plaintiff does not explain, which evidence he considers to be the "Neighborhood records." To the extent Plaintiff is referring to the records from Neighborcare Health, the Court points out there are more than 700 pages from the medical center included in the record, and Plaintiff makes no substantive argument as to which specific records the Court must consider. *See* AR 496–781, 787–873, 900–1288, 1572–1614. More importantly, Plaintiff does not explain how any of those records prove he meets the paragraph A criteria. Plaintiff instead focuses on the ALJ's paragraph B analysis, but the records Plaintiff discusses do not directly address the criteria of paragraph A. *See* Dkt. 19 at 8–10. Plaintiff bears the burden

of showing he meets *all* of Listing 12.10's criteria. *Burch*, 400 F.3d at 683. Plaintiff has failed to do so here, therefore the Court rejects Plaintiff's argument.

### 5. Step Five

At step five, the ALJ found that based on Plaintiff's residual functional capacity (RFC), there are jobs existing in significant numbers in the national economy Plaintiff could perform and therefore Plaintiff is not disabled. AR 36–37. Plaintiff contends this was error because if his testimony about being off task were credited as true, he would be found disabled. Dkt. 19 at 14. Plaintiff points to the hearing where the vocational expert testified that an individual with Plaintiff's RFC and is off task 10 to 15 percent would not be employable. *Id*. at 14–15; AR 78.

Plaintiff misunderstands the "credit-as-true" analysis. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id*. at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id*. (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 13

benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Here, the Court has found the ALJ permissibly rejected Plaintiff's testimony. The Court has also found the ALJ erred with evaluating Dr. Szczebak's opinion, thereby affecting the ALJ's RFC assessment. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). Further, as discussed in the next section, new evidence submitted by Plaintiff undermines the ALJ's decision. In other words, there remain outstanding issues that preclude the Court from proceeding to the third step. Accordingly, the Court rejects Plaintiff's argument for a remand for an award of benefits and finds remanding for further proceedings the appropriate remedy.

**6.     Additional Evidence**

Plaintiff submitted new evidence after the ALJ issued his decision, but the Appeals Council found they "do not provide a basis for changing Administrative Law Judge's decision." AR 1–7.

This Court is required to evaluate this evidence to determine whether the ALJ's decision is supported by substantial evidence. *Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record the district court must consider it in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence Plaintiff specifically points to is an email from Dr. Szczebak addressing the ALJ's evaluation of her opinion. AR 275–76. In the correspondence, Dr. Szczebak states she had been treating Plaintiff for "several months" prior to providing her opinion and her findings

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 14

were based on Plaintiff's "clinical observations by trained and medical and mental health clinicals." AR 275.

The ALJ rejected Dr. Szczebak's opinion in part because it was based on Plaintiff's self-reports and a one-time examination. AR 36. This new evidence undermines the ALJ's evaluation of Dr. Szczebak's opinion. As the ALJ provided no other valid reasons to reject Dr. Szczebak's opinion, the Court accordingly finds the ALJ's decision is no longer supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Szczebak's medical opinion and consider the new evidence. The ALJ shall then reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

DATED this 4th day of December, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE